# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

October 20, 2006

LETTER OPINION
ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

Re:   **Phillips v. Basell N.V. et al.**
      **No. 06-1727**

Dear Parties,

Presently before the Court is *pro se* Plaintiff's motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). In accordance with Fed. R. App. P. 4(a)(5), a district court may extend the time to file a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii). . . that party shows excusable neglect or good cause."

## I.   Timeliness of Plaintiff's Motion for Extension of Time

Plaintiff is seeking an extension of time to file a notice of appeal of the Court's June 22, 2006 Order, in which the Court dismissed Plaintiff's complaint for failure to comply with Fed. R. Civ. P. Rule 8(a). In accordance with Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff was required to file a notice of appeal by July 24, 2006, thirty days after the Court entered its June 22, 2006 Order.[1] Further, Plaintiff's motion to extend the time to file a notice of appeal was due on or before August 23, 2006.

In this case, Plaintiff filed a motion to extend on July 25, 2006, within the time period required by Fed. R. App. 4(a)(5). Accordingly, Plaintiff's motion to extend is timely.

## II.   Excusable Neglect or Good Cause

In order for the Court to grant Plaintiff's motion to extend, Plaintiff must demonstrate excusable neglect or good cause. The Third Circuit has held that excusable neglect under Rule 4(a)(5) is to be examined using the test outlined by the Supreme Court of the United States in

---

[1] Thirty days from June 22, 2006 is July 22, 2006. However, July 22, 2006 was a Saturday, and thus, the notice was due on or before July 24, 2006. Fed. R. Civ. P. 6(a).

Pioneer Inv. Servs. Co. v. Brunswick Assocs. L'td. P'ship., 507 U.S. 380 (1993). In accordance with Pioneer, the Court must balance the following factors: 1) danger of prejudice to the moving party's adversary; 2) length of delay and its potential impact on judicial proceedings; 3) reason for delay; and 4) whether movant acted in good faith.

The Court finds no danger of prejudice to Plaintiff's adversaries, as Plaintiff filed the instant motion well within the sixty day time limit of Rule 4(a)(5)(A). See In re Diet Drugs Products Liability Litigation, 401 F.3d 143, 154 (3d Cir. 2005) (finding that a minimal time delay is indicative of an absence of prejudice). Further, the Court finds that Plaintiff has acted in good faith and has demonstrated excusable neglect. Among his reasons requesting an extension of time to file an appeal, he indicated that he required additional time to evaluate due process consequences of filing an appeal. He then filed a notice of appeal – although out of time – on August 3, 2006, shortly after his time to file a notice of appeal expired. Therefore, the Court is satisfied that Plaintiff, a *pro se* litigant, demonstrated excusable neglect and acted in good faith.

### III. Conclusion

In conclusion, the Court grants Plaintiff's motion for an extension of time to file an appeal. As a result, Plaintiff's notice of appeal, filed on August 3, 2006, shall be deemed timely filed. An appropriate Order follows.

                                                /s/ Joel A. Pisano
                                                JOEL A. PISANO, U.S.D.J.